# R. T. HEALY, Respondent, v. BEN JOHNSON, Selma Johnson, and Agnette Borreson, Appellants.

## (201 N. W. 165.)

**Vendor and purchaser — tender of certificate of deposit issued by insolvent bank held insufficient compliance with contract to purchase.**

In an action to cancel a so-termed earnest money contract for the sale of a house and lot, where a part of the consideration therefor was evidenced by certificates of deposit, and where one of such certificates was delivered at the time of the contract and the other tendered at the time when the title was ready for transfer, at which time the bank involved had become insolvent, it is held, for reasons stated in the opinion, that the contract was subject to rescission and cancellation for noncompliance and for failure of the consideration before rendition with respect to the later certificate of deposit.

Opinion filed November 5, 1924.   Rehearing denied December 5, 1924.

Vendor and Purchaser, 39 Cyc. p. 1599 n. 78.

In District Court, Barnes County, *Englert, J.*

Action to rescind and cancel a contract involving a house and lot,

Defendants have appealed from the judgment and demand a trial de novo.

Modified and remanded.

*Chas. G. Bangert,* for appellant.

Title to property transferred under a contract which provides for the return of the property upon the happening of a certain contingency passes subject to the right of return.

Where there is a delivery with intent to pass title, the party to whom delivery is made acquires title.   23 C. J. 209; Pratt v. Wickham, 94 N. W. 1059.

The delivery, by a purchaser of goods for future delivery of a note of a third party then solvent and in good credit, and acceptance of the same by the creditor, and unindorsed by the purchaser, is a payment, and the seller cannot refuse delivery of the goods at the designated time, because of the failure and insolvency of the maker of the note before the time arrives.   Long v. Spruill, 52 N. C. (7 Jones, L.) 96.

The common law principal applicable alike to sales and exchanges

of personal things is that fraud or warranty is necessary to render the vendor or exchanger liable in any form for a defect in the quality of the thing sold or exchanged. Becknall v. Waterman, 5 R. I. 43.

In the transfer of negotiable paper there is an implied warranty that he who passes it has title to it and the right to dispose of it. 10 L.R.A. (N.S.) 544.

Covenants and promises accompanying an exchange form a part of the consideration, such as an agreement to assume a mortgage. 23 C. J. 188.

Whether the contract rests upon a valuable consideration must be determined by the conditions as they exist when it is made, not as they may be at some subsequent time. 1 Elliott, Contr. 207.

In the absence of fraud or overreaching, the adequacy of the consideration is solely the business of the parties, the Courts inquire only into its legality and not whether an improvident bargain has been made. Nelson v. Brassington, 116 Pac. 629.

Failure of consideration is no defense, in the absence of fraud, etc., simply because the thing received is not as valuable as the promisor supposed it to be. 1 Elliott, Contr. 253.

A rescission of a contract demands as a general rule the restoration of the status quo of the parties. 13 C. J. 619.

*A. P. Paulson,* for respondent.

Oral stipulation may be shown if it appears written document was not intended to be complete. Putman v. Prouty, 24 N. D. 517, 140 N. W. 93.

Action to rescind may be brought at any time when offer to rescind has been made with reasonable promptness. Hilton v. Advance Threshing Mach. Co. 8 S. D. 412, 66 N. W. 816; Block v. Donovan, 13 N. D. 1, 99 N. W. 72; Fletcher v. Arnett, 4 S. D. 615, 57 N. W. 915, 13 Am. Dec. 378.

BRONSON, Ch. J. This is an action to cancel a contract involving the sale of a house and lot. Trial was had by the court. Defendants have appealed from the judgment and demand a trial de novo.

The material facts are:—On Sept. 28th, 1922, the parties made a so-termed earnest money contract of sale as follows: —

EARNEST MONEY CONTRACT OF SALE.

Valley City, N. D. Sept. 28, 1922.

Received of Ben Johnson, and Selma Johnson, and Agnette Borreson the sum of $500 on the form of a certificate of deposit upon the Farmers State Bank of Nome, N. Dak., as earnest money and in part payment for the purchase of Lot 4 in Block 5 of Root's Addition to the city of Valley City, situated in Barnes county, North Dakota, which I have this day sold and agreed to convey to said Ben Johnson, Selma Johnson and Agnette Borreson for the sum of Twenty-five Hundred Dollars upon the following terms, viz.:

$500 by Certificate of Deposit and interest on Farmers State Bank of Nome, N. D., in hand delivered as above, said interest allowed me being $20.00.

$980 represented in certificate of deposit upon the Farmers State Bank of Nome, N. D., less six months accrued interest, allowed by me, from the R. S. Tyler Co. mortgage of $1000 against said property; this latter C. D. to be delivered to me whenever a deed conveying a good title to said premises is tendered, excepting the mortgage hereinafter described;

$1000 by a mortgage now on record made to R. S. Tyler Co. due March 29, 1925, with interest at 8% per annum, which mortgage said Ben Johnson and ———— will assume and agree to pay; with interest on deferred payments at 6% from date until paid.

It is agreed by me that title to said premises shall be clear, except the mortgage of $1000 above referred to, by January 1st, 1923, at the option of the purchasers herein, otherwise this agreement to be void, and certificate of deposit for $500 first above mentioned refunded or returned. But if the title to said premises is then good, except the said mortgage for $1000 in the name of the grantor, and said purchasers refuse to accept the same, said C. D. shall be forfeited to me as liquidated damages. But it is agreed and understood by all parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract.

I agree that said purchasers may occupy the said premises pending the delivery of the deed or the tendering of the same to them by me.

(Signed) R. T. Healy.

We hereby agree to purchase the said property for the price and upon the terms above mentioned, and also agree to the conditions of forfeiture and all other conditions therein expressed.

Witnessed by:                          (Signed) Ben Johnson,
    Maria Murphy,                               Selma Johnson,
    T. S. Henry.                                Agnette Borreson.

At the time of the contract, plaintiff received the certificate of deposit for $500; defendants took, and ever since have had, possession of the property. The Farmers State Bank of Nome became insolvent and closed its doors on Nov. 11th, 1922. Ever since that time it has been in the hands of a receiver. The certificate of deposit for $500 was dated Dec. 10th, 1921, and was payable to defendant Borreson 12 months after date with interest at 6%. It was endorsed by defendant Borreson. When this certificate fell due plaintiff presented the same for payment which was refused; then, he made an offer to return the same to defendants which was likewise refused.

On Dec. 11th, 1922, plaintiff advised defendants by letter to the effect that the title was complete and that he was ready to make delivery of the deed pursuant to the contract. On Dec. 26th, 1922, defendants tendered to plaintiff a certificate of deposit upon the closed bank for the sum of $1000, payable to defendant Borreson 12 months after date, with interest at 6%, (no interest after maturity) endorsed by defendant Borreson without recourse. This tender was refused by plaintiff. Otherwise evidence was offered by defendants to the effect that they had assumed the mortgage upon the property, had paid interest upon the mortgage, taxes upon the property, and otherwise had made improvements upon the property. This action was instituted in May, 1923, to cancel the contract and to recover a judgment against defendants for the value of the use and occupation of the premises at $25 per month since Sept. 28th, 1922.

It is the contention of the defendants upon this appeal that this contract evidenced an exchange of property and that defendants have fully complied with its terms.

On the contrary, plaintiff maintains that the contract evidenced the sale of the house and lot and that the same is subject to rescission

(after notice thereof properly given) for failure of consideration and noncompliance with its terms.

The trial court found that the plaintiff received the $500 certificate of deposit in trust pending perfection of the title and, in the event of his inability to perfect title, plaintiff was to return the certificate to defendants, or the proceeds thereof; that on Nov. 11th, 1922, the bank involved became insolvent; that it had been insolvent for a considerable time prior thereto and was insolvent on Sept. 28, 1922; that after Nov. 11th the plaintiff notified defendants of his nonacceptance of the certificates and offered to return same to them and everything that they had paid in connection with the transaction, including $176 paid for sewer and water; that, further, plaintiff received the certificate in trust and, if not paid, defendants were required to furnish cash in lieu of such certificate; that the same was not received by plaintiff as payment; that the consideration of the sale was a cash consideration; that this consideration had wholly failed and defendants had elected to pay the purchase price of the premises over and above the mortgage for $1000. Further, the court found that the sums of money expended by defendant in taxes, interest and improvements should not be adjusted in this action and that the decision in this action should not constitute any bar to the mutual adjustment of the claims between the parties in that respect, voluntarily or in another action; that the plaintiff was entitled to cancellation of the contract and to immediate possession of the property.

## Opinion.

The parties have presented and tried the cause of action involved in equity to the court. Upon demand of the defendants it is before this court for review as a trial de novo.

Upon a review of the evidence we are not prepared to hold that the contract was made upon the basis of a cash consideration. It is true that the contract provides for a consideration in money terms so that, as such, the contract might be classified as a contract of sale if a sharp differentiation be drawn between a pure contract of sale and one of exchange. 23 C. J. 185. However, the contract bears well developed earmarks for the exchange of this house and lot for certain certificates

of deposit. Yet, the contract otherwise requires interest to be paid on deferred payments at 6% per annum, whereas, the certificates provide for no interest after their respective maturities. Upon the record in this case it is apparent that none of the parties had in contemplation of mind the insolvency of the bank in the interim when the transaction involving this title might be consummated. It is further evident that if the bank involved had become insolvent some three months later, the transaction would have been completed, the certificates of deposit accepted and the title delivered. This lawsuit has resulted on account of the certificates of deposit becoming practically valueless through the insolvency of the bank.

Under the contract, plaintiff might have cashed or transferred the certificate of deposit. In such event, in case of noncompletion of the title, it was his duty to refund the proceeds of such certificate to defendants. Accordingly, we are of the opinion that the certificate of deposit for $500 was received by plaintiff as a $500 payment upon the earnest money contract. Further, we are of the opinion, viewing the contract as a whole, that it was intended to operate as an earnest money contract and that the passing of title was not contemplated until plaintiff secured and had good title in himself for delivery to defendants; that, in consequence, it was contemplated that the title to the house and lot should pass to defendants when plaintiff became ready and tendered same within the time specified in the contract and that an option existed in this respect in behalf of defendants before the delivery of the title. Accordingly, upon the record, plaintiff was ready and willing, on Dec. 11th, 1922, to consummate this earnest money contract by delivery of title and deed to the house and lot involved to defendants. At that time it was incumbent upon defendants to pay to plaintiff $980, pursuant to the contract, in a certificate of deposit. Then, it was incumbent upon defendants to tender, not a certificate of deposit in an insolvent bank, but a certificate of deposit in fact. The certificate tendered represented merely the right to present some claim, perhaps valueless, for a deposit of money made to a receiver. At that time the Farmers State Bank of Nome had no existence as such. It was then insolvent and a certificate of deposit then represented no live promise of a corporation to make payment. It follows that the tender of such certificate was not a compliance with the contract. Thereupon

it was within the power of plaintiff to rescind this contract for non-compliance and for failure of the consideration with respect to the certificate of deposit tendered before its rendition and tender to him. The trial court properly ordered rescission and cancellation of the contract. But we are of the opinion, in view of the discussion hereinbefore had and in view of the fact that defendants received and had possession of the premises, that rescission should not be awarded instanter unless the defendants refuse to pay in cash the amount evidenced by the contract. Further, that in equity the rights of the parties should all be adjusted in this action. See 9 C. J. 1267. Accordingly, in our opinion rescission of the contract and its cancellation should be awarded unless, within 60 days after the remittitur is received from this court, the defendants shall pay to plaintiff $980, with interest at 6% since Sept. 28, 1922, and further, that upon such payment defendants should be entitled to receive delivery of the deed from plaintiff to them; but, in the event of failure so to pay, the rescission and cancellation of the contract shall thereupon become absolute and, in such event, defendants should be entitled to receive from plaintiff upon delivery of the possession of the premises to plaintiff, the amounts paid out bona fide by them for taxes, interest, and improvements, less the value of the use and occupation of the premises since Sept. 28, 1922. It is so ordered and this cause is remanded to the trial court for further proceedings consonant with this opinion. None of the parties will recover costs upon this appeal.

BIRDZELL, NUESSLE, JOHNSON, and CHRISTIANSON, JJ., concur.